IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| YVONNE KEMP, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| | ) | No. 3:19-cv-00431 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| ANDREW M. SAUL, Commissioner Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Doc. No. 17, "R&R") and Objections filed by Plaintiff (Doc. No. 20, "Objections"). Defendant responded to Plaintiff's Objections (Doc. No. 21, "Response"). Plaintiff filed a Reply (Doc. No. 24).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[1]

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary,

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

## BACKGROUND

The facts are aptly set forth in the R&R and need not be repeated here in full.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 14, 2016. (Doc. No. 10 at 72, 102).[2] Plaintiff asserted that she was unable to work as of October 14, 2015 because of mental health issues, arthritis, back conditions, acid reflux, migraines, fibromyalgia, and hand and foot conditions. (*Id.* at 72, 102, 103). Plaintiff's claims were denied both initially and upon reconsideration. (*Id.* at 103, 147). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and Plaintiff appeared with counsel and testified at a hearing on February 22, 2018. (*Id.* at 32). The ALJ denied Plaintiff's claim, and the Appeals Council subsequently denied Plaintiff's request for review. (*Id.* at 1-3, 9-11). This action was then filed with the present Court to appeal Defendant's decision.

The pending R&R represents the Magistrate Judge's recommendation that Plaintiff's motion for judgment on the administrative record (Doc. No. 14) be denied. (Doc. No. 17).

---

transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a).

[2] The Court has adopted the electronic filing system's pagination when citing to the Administrative Record in this case.

# STANDARD OF REVIEW

The critical questions before a district court in reviewing a decision by an ALJ are whether the ALJ's determination was supported by substantial evidence and whether the ALJ applied the correct legal standards. *Shelton v. Saul*, No. 2:18-cv-00093, 2020 WL 1284628, at *2 (M.D. Tenn. Mar. 18, 2020) (citing 42 U.S.C. § 405(g)). The court conducts its review under a "highly deferential," substantial-evidence standard. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 838 (M.D. Tenn. 2019). The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek*, 139 S. Ct. at 1154. And, whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. *Id.* Substantial evidence is "more than a mere scintilla" and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*; *Shelton*, 2020 WL 1284628, at *2; *see also Rottman v. Comm'r of Soc. Sec.*, No. 19-2205, slip op. at 3 (6th Cir. June 19, 2020). The standard, by all accounts, amounts to "less than a preponderance of the evidence," and is met even if the record could reasonably support the opposite conclusion. *Brown v. Comm'r of Soc. Sec.*, 814 F. App'x 92, 95 (6th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.' " *Jones*, 392 F. Supp. 3d at 838 (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)).

## ANALYSIS

### A. Objections 1 and 2: Regarding Plaintiff's mother's testimony

First, Plaintiff objects to the Magistrate Judge's finding that the statement by the ALJ that "the Claimant and her mother testified that she is slow to get moving each morning and she has to do chores on her own" is a discussion of pertinent aspects of such testimony in compliance with Social Security Ruling ("SSR") 06-03p. (Doc. No. 20 at 1; Doc. No. 10 at 21). Second, Plaintiff objects to the Magistrate Judge's characterization of Plaintiff's mother's testimony as "extremely limited and . . . only generally about Plaintiff's condition." (Doc. No. 20 at 1; Doc. No. 17 at 9).

SSR 06-03p[3] explains the ALJ's duty to evaluate opinions from individuals who are not "acceptable medical sources." SSR 06-03p, 2006 WL 2329939, *1 (Aug. 9, 2006). These "other

---

[3] The parties dispute the applicability of SSR 06-03p because that SSR was rescinded after Plaintiff filed her claim. (Doc. No. 16 at 11; Doc. No. 21 at 5). In the R & R, the Magistrate Judge was unpersuaded by Defendant's argument that, because of such rescission, the regulation was inapplicable to the ALJ's determination. (Doc. No. 17 at 8). Plaintiff did not object to the Magistrate Judge's finding and focused much of her Reply brief on reiterating the correctness of the Magistrate Judge's finding that the rescission of SSR 06-03p applies only to claims filed on or after March 27, 2017. (Doc. No. 24). In its Response to Plaintiff's Objections, Defendant argues that the rescission by its terms was effective on March 27, 2017,. (Doc. No. 21 at 5). Defendant also urges the Court to employ the Sixth Circuit test prescribed in *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2006) (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 247 (1994)), which would require the Court to analyze "fair notice, reasonable reliance, and settled expectations." 459 F.3d 640, 646 (6th Cir. 2006). However, the Court agrees with the Magistrate Judge's determination that the rescission of the SSR applies only to disability claims filed after March 27, 2017, as has been found by many courts in the Sixth Circuit, and that SSR 06-03p is applicable to Plaintiff's claim because it was filed prior to March 27, 2017. *E.g.*, *Dougherty v. Saul*, No. 2:18-CV-189, 2020 WL 1151275, at *3 (E.D. Tenn. Mar. 9, 2020) ("Plaintiff's claim was filed prior to March 27, 2017, and therefore, SSR 06–03p is applicable to his claim."). The Court notes that, despite Defendant's contentions, the regulations indicate that SSR 06-03p should apply in this case. The regulation governing evidence is entitled "Evaluating opinion evidence for claims filed before March 27, 2017." 20 C.F.R. § 404.1527. The first sentence of the regulation also states: "For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply. For claims filed on or after March 27, 2017, the rules in § 404.1520c apply." 20 C.F.R. § 404.1527. The definition of opinion evidence from a source other than an "acceptable medical source," often termed "other sources," appears in "Categories of evidence" which states in subsection (a) that "[w]e consider evidence under §§ 404.1520b, 404.1520c (or under § 404.1527 for claims filed (see

sources" can include "parents," and their opinions can "be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at *2. The SSR further elaborated:

> Although 20 CFR 404.1527 and 416.927 do not address explicitly how to evaluate evidence (including opinions) from "other sources," they do require consideration of such evidence when evaluating an "acceptable medical source's" opinion. For example, SSA's regulations include a provision that requires adjudicators to consider any other factors brought to our attention, or of which we are aware, which tend to support or contradict a medical opinion. Information, including opinions, from "other sources" . . . can be important in this regard. In addition, and as already noted, the Act requires us to consider all of the available evidence in the individual's case record in every case.

*Id.* at *4.

Plaintiff focuses on the fact that the ALJ's decision "has barely a mention of [Plaintiff's mother] being present at the hearing despite her testifying live." (Doc. No. 20 at 2; Doc. No. 15 at 3). The ALJ includes only one reference to Plaintiff's mother's testimony, and Plaintiff claims that the ALJ erred in not considering other pertinent testimony from her mother. (Doc. No. 20 at 2). To support her argument, Plaintiff provides citation only to the SSR (discussed above) and one case. The case Plaintiff cites involved circumstances different from those present here. In the case cited by Plaintiff, the "administrative decision omits *any reference whatsoever*" to the two opinions submitted by the plaintiff in that case. *Lohr v. Comm'r of Soc. Sec.*, 559 F. Supp. 2d 784, 792 (E.D. Mich. 2008) (emphasis added). Here, in contrast, the ALJ expressly mentioned its consideration

---

§ 404.614) before March 27, 2017)." 20 C.F.R. § 404.1513. The regulations clearly contemplate SSR 06-03p's application to claims filed before March 27, 2017. Additionally, contrary to Defendant's argument, the language in the regulations has previously been given more weight than the language in the rescission, 82 FR 16869. *Gatto v. Comm'r of Soc. Sec.*, No. 3:19-CV-12408(BRM), 2020 WL 5810567, at *6 (D.N.J. Sept. 30, 2020). Regardless, even though SSR 06-03p does apply to this case, the application of the SSR does not hurt Defendant's overall position, because, as discussed, the Court finds that the ALJ complied with the requirements of SSR 06-03p.

of the mother's testimony: "the Claimant and her mother testified that she is slow to get moving each morning and she has to do chores on her own." (Doc. No. 20 at 1; Doc. No. 10 at 21). The ALJ report also referenced a third-party report filled out by Plaintiff's mother, which was more detailed than Plaintiff's mother's testimony of approximately three-and-a-half pages. (Doc. No. 10 at 24, 60, 284).

The ALJ was not required to specifically recite all of Plaintiff's mother's testimony:

> SSR 06-3p does not require ALJs to give explicit attention in their decisions to every shred of opinion evidence . . . the ALJ must explain his or her weighing of such evidence in cases where the evidence is held to outweigh a treating source's medical opinion, as evidence of the claimant's ability to perform work. Otherwise, the ALJ should make explicit his consideration of "other source" evidence, if not the actual weight such evidence is given, where that evidence could potentially sway the ultimate determination of the claimant's case toward a finding of disability. This is not a demanding standard.

*Cochran v. Soc. Sec. Admin.*, No. 1:13-0045, 2016 WL 3444450, at *8 (M.D. Tenn. June 22, 2016), *report and recommendation adopted sub nom. Cochran v. Colvin*, No. 1:13-CV-00045, 2016 WL 3856131 (M.D. Tenn. July 15, 2016). Additionally, an "ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018) (quoting *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)); *Adams v. Comm'r of Soc. Sec.*, No. 4:13-cv-22, 2014 WL 3368692, at *11 (E.D. Tenn. July 9, 2014) ("[T]here is a difference between what an ALJ must consider and what an ALJ must discuss in a written opinion.") (quoting *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002)).

Plaintiff secondly objects that the Magistrate Judge should not have characterized Plaintiff's mother's testimony as limited and general. (Doc. No. 20 at 1). Plaintiff claims that her mother's testimony shows Plaintiff's inability to sustain or persist at a task, and that testimonial statements such as that Plaintiff "can't hold down a full time job because she hurts all the time"

and "won't leave their bedroom 2-4 days at a time per week" are examples of specific testimony that would have an outcome on the case. (Doc. No. 10 at 60). Again, the Court finds that just because the ALJ did not cite specifically to that portion of Plaintiff's mother's testimony does not mean that the ALJ did not consider it. *Bayes*, 757 F. App'x at 445. Additionally, though Plaintiff protests that the Magistrate Judge characterized her mother's testimony as general rather than specific, the Court does not find that this is a material determination; such characterization is more a subjective matter of semantics rather than one of fact. Regardless of how the Magistrate Judge labeled Plaintiff's mother's testimony, the ALJ provided reference to the testimony, indicating that he considered it when making his decision.

Therefore, the Court finds that there was no violation of SSR 06-03p, that the ALJ appropriately considered Plaintiff's mother's testimony, and that substantial evidence supports the ALJ's decision in this matter.

Plaintiff's Objections 1 and 2 are overruled.

### B. Objection 3

Plaintiff argues in her Motion for Judgment on the Administrative Record that a doctor's characterization of her requirement for "direct and nonconfrontational" supervision was erroneously not included in the ALJ report. (Doc. No. 15 at 4; Doc. No. 10 at 119; Doc. No. 20 at 1). Plaintiff objects that it was error for the R & R to rely on testimony outside of the ALJ's decision to evidence the ALJ's evaluation process in making the decision. (Doc. No. 20 at 3). Plaintiff argues that "Social Security's own rules direct that discussion of evidence in the decision should allow a claimant or subsequent reviewer to follow the ALJ's reasoning. . . . The transcript of hearing is not part of the ALJ's decision, and this decision renders the reader unclear of how the ALJ came to his decision." (*Id.* at 3). Essentially, Plaintiff argues that the Magistrate Judge

should not have referenced a transcript hearing of the doctor to demonstrate that the ALJ considered that doctor's opinion because a transcript is not part of the ALJ's decision. Plaintiff does not point the Court to any authority for this objection, other than a cursory reference to *Lohr* and to SSR 06-03p without so much as a pinpoint citation. (*Id.*). The Court finds Plaintiff's objection unpersuasive.

To determine whether an ALJ's decision is based on substantial evidence, courts regularly look outside the ALJ's report. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. . . . [T]he district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council. The court may review [the doctor's] report, in its consideration of the record as a whole, to determine if the ALJ's decision was based upon substantial evidence, even if the ALJ failed to cite the report in its conclusion."). Additionally, the ALJ was not required to adopt the doctor's opinion verbatim in his decision, even if the doctor's opinion was given great weight. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). The transcript reflects that the ALJ did not agree with the use of the language "direct and nonconfrontational" as an appropriate potential qualifier for the kind of supervision Plaintiff required for a job. (Doc. No. 10 at 67-69). And even if the transcript did not contain this indication of the ALJ's position on the use of the term, the ALJ was not required to adopt the doctor's opinion in its entirety when there was substantial other evidence on the record. *Reeves*, 618 F. App'x at 275. Additionally, the Court notes that the ALJ found that Plaintiff "has a moderate limitation" when "interacting with others" which is consistent with the doctor's findings (including the notion that Plaintiff required supervision to be "direct and nonconfrontational"), though the ALJ chose not to recite all of the information that was included in the Additional Explanation Section on the same page (including

the "direct and nonconfrontational" language at issue). (Doc. No. 10 at 16, 119). Therefore, the Court is unpersuaded that it was improper for the Magistrate Judge to review evidence outside of the ALJ's decision, and the Court believes that the ALJ properly considered the evidence.

Plaintiff's Objection 3 is overruled, and substantial evidence supports the ALJ's decision in this matter.

## CONCLUSION

For these reasons, Plaintiff's Objection is overruled, and the Report and Recommendation (Doc. No. 17) is adopted and approved. Accordingly, the Motion for Judgment on the Administrative Record (Doc. No. 14) is **DENIED**, and this case is dismissed with prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE